IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31058
_____


WALTER G. STRITZINGER, JR.,

Plaintiff-Appellee,

versus

ILLINOIS CENTRAL RAILROAD COMPANY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CA-93-3124-E)
_____

June 26, 1996

Before HIGGINBOTHAM, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

We are persuaded that there was sufficient evidence from which the trial court could have reasonably determined that Illinois Central was negligent under the standard prescribed in the Federal Employers' Liability Act.  See 45 U.S.C. § 51.  The question of foreseeability is admittedly a close one, but given the evidence pertaining to ground erosion and past related incidents in Mays

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Yard, we cannot say that Illinois Central is entitled to judgment as a matter of law.

We are also satisfied that there was sufficient evidence to support the trial court's award of lost wages to Stritzinger. The trial court could have reasonably disbelieved Ott's testimony as to Illinois Central's reasons for discharging Stritzinger in light of the evidence indicating that Illinois Central allowed Stritzinger to continue working at his switchman job for some time after he was diagnosed with his spinal disc disease.

AFFIRMED.